JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIOS, | CASE NO. CV 17-7449-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| WELLS FARGO BANK; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand, which was filed on November 9, 2017. (Dkt. No. 8). Having been fully briefed by the parties, this Court took the matter under submission on December 12, 2017.

Plaintiff filed his Complaint against Defendants Wells Fargo and Hassan Reheem in the Los Angeles Superior Court. Plaintiff brings claims for relief arising from his employment with Wells Fargo. Reheem is Plaintiff's former supervisor. Plaintiff sues Wells Fargo under multiple theories of liability and Reheem for intentional infliction of emotional distress ("IIED"). Plaintiff alleges that Reheem put "constant pressure" on Plaintiff and reminded Plaintiff at weekly board meetings to limit the amount of overtime paid to employees. Plaintiff further alleges that Reheem and district managers told Plaintiff to "'handle it' in whatever way necessary, implying that Plaintiff should force employees to work overtime without compensation." Plaintiff alleges that

Reheem's conduct caused Plaintiff to suffer "severe emotional distress." Defendants timely removed on the basis of diversity jurisdiction. Plaintiff moves to remand.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). An action that meets the requirements of 28 U.S.C. § 1332 could have originally been filed in federal court. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Id.* "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "Demonstrating fraudulent joinder, however, requires more than merely showing that plaintiff has failed to state a claim for relief." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Id.* (emphasis in original). "Defendants must show that the relevant state law is so well settled that plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.*

The parties agree that Plaintiff is a California resident, Wells Fargo is a citizen of South Dakota, and the amount in controversy exceeds $75,000. The question is whether Reheem, a California citizen, was fraudulently joined to defeat complete diversity. If he was fraudulently joined, this Court must exercise jurisdiction. If he was not, this Court must remand the case for lack of complete diversity.

Plaintiff sues Reheem for IIED. A claim for IIED requires: (1) outrageous conduct by the defendants; (2) the defendants' reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe emotional distress; and (4) actual and proximate causation of the emotional distress. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160 (2014).

First, Defendants argue that Plaintiff cannot bring an IIED claim against Reheem because Reheem's conduct falls under "personnel management activity." It is settled under California law that personnel management activity cannot give rise to an IIED claim. In *Janken*, a California appeals court held that supervisory actions relating to transfers, demotions, and termination were personnel management activity not subject to an IIED claim. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996). There, the supervisors did not engage in outrageous conduct even where they altered performance appraisals, failed to promote the plaintiffs, and fired the plaintiffs based on their age because such conduct fell within personnel management activity. *Id.* at 79-80. In *Bradshaw*, a federal district court provided a list of personnel management activities, including hiring and firing, job or project assignments, promotion or demotion, and the assignment of supervisory functions. *Bradshaw v. Glatfelter Ins. Grp.*, No. 1:08-CV-01898-OWW-SMS, 2009 WL 1438265, at *4 (E.D. Cal. May 20, 2009). The court concluded that the supervisors engaged in personnel management activity where they allegedly discharged the plaintiff in retaliation for complaints plaintiff made against them and transferred plaintiff to a less desirable position after she returned from medical leave. *Id.* The court granted leave to amend. *Id.* at *5.

Here, it is not clear that Reheem's conduct similarly falls under the umbrella of personnel management activity. Resolving all facts in Plaintiff's favor, Reheem placed weekly pressure on Plaintiff to force employees to work overtime without pay, causing Plaintiff severe emotional distress. Unlike the plaintiffs in the cases above, here, Plaintiff's claim is not based on Reheem's decision to transfer, demote, discipline, or terminate plaintiff. Rather, Plaintiff's claim hinges on the severe emotional distress caused by Reheem pressuring Plaintiff to break state labor laws. Such conduct may exceed simple personnel management activity. Moreover, Plaintiff could amend his complaint to add additional facts supporting an IIED claim against Reheem. Therefore, it is not impossible that Plaintiff could prevail on his IIED claim.

Second, Defendants argue that Plaintiff cannot assert an IIED claim against Reheem because the claim is preempted by the Workers' Compensation Act ("WCA"). The WCA provides the "sole and exclusive remedy of the employee" for workplace injuries. Cal. Lab. Code § 3602(a). Where the defendants engage in conduct giving rise to an IIED claim "in the normal

course of the employer-employee relationship," "workers' compensation is plaintiffs' exclusive remedy." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008). However, the WCA does not preempt an IIED claim where the employer's conduct "exceeds the risks inherent in the employment relationship." *Livitsanos v. Sup. Ct.*, 2 Cal. 4th 744, 754 (1992). An employer's conduct exceeds the risks inherent in an employment relationship where the conduct involves a "questionable" relationship to the employment or where the employer "step[s] out of [his] proper role[.]" *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 161 (1987); *Livitsanos*, 2 Cal. 4th at 750, 754 (holding IIED claim could be "outside the scope and normal risks of employment" where premised on defendants' false claims that plaintiff embezzled money); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1055 (C.D. Cal. 2013) (finding employer may have stepped out of his proper role where employer repeatedly threatened to fire plaintiff and disparaged his accent).

Here, Defendants do not show that Reheem's conduct falls "within the normal risks" of the employment relationship. *Onelum*, 948 F. Supp. 2d at 1055. As discussed, Reheem pressured Plaintiff each week to limit the amount of overtime paid to employees and implied that Plaintiff should force employees to work overtime without compensation. Reheem may have stepped out of his proper role by pressuring Plaintiff to violate labor laws. Further, Plaintiff could be afforded leave to amend his complaint to add additional facts showing that Reheem's conduct exceeded the risks inherent in employment. Therefore, the WCA may not preempt Plaintiff's IIED claim.

In sum, Defendants do not show that Plaintiff's IIED claim is "impossible as a matter of California law." *Onelum*, 948 F. Supp. 2d at 1055. Therefore, Defendants do not meet their heavy burden of demonstrating that Reheem was fraudulently joined. Reheem's citizenship destroys complete diversity, and the case is remanded to the Los Angeles Superior Court.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 8).

Dated: February 5, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4